RECEIVED

JAN 1 3 2005

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

MARY ELLEN MORAN,

                    Plaintiff,                    DOCKET NO.:

                                                  04-4797(JAG)

          v.                                      CIVIL ACTION

YF DIRECT, INC., NETBLUE, INC.,  KENNETH CHAN,
DEREK PILCH, ABC CORPORATIONS (1-10) and
JOHN DOES (1-10),                                 **AMENDED CLASS ACTION**
                                                  **COMPLAINT AND**
                                                  **JURY DEMAND**

                    Defendants.

---

## I. INTRODUCTION

1. YF Direct, Inc.,("YF"), and/or Netblue, Inc., ("Netblue"), an advertising and/or marketing company, in the interest of pecuniary gain, deceptively and fraudulently informed computer users, via "pop-ups", e-mails and/or websites, that they had won a free $50 gift card.

2. However, in order to have the opportunity to receive the prize, the computer user was required to submit to one of YF and/or Netblue's "sponsored" advertisements.

3. Defendants' deceptive business tactics caused computer users to sustain damages.

4. This class action seeks to advance public welfare and to avert further injury through issuance of an order restraining defendants' deceptive practice and through entry of a judgment for punitive and compensatory relief for harm suffered by Class members.

## II. PARTIES

5. Plaintiff and Class Representative Mary Ellen Moran is a married individual residing in Bergen County, New Jersey.  Mary Ellen Moran is a victim of defendants' deceptive business

scheme as detailed in this Complaint. Mary Ellen Moran is willing, able, and here seeks to serve as representative of the Class of like victims of defendant's deceptive practices.

6. Defendant YF is a California corporation having its headquarters and principal place of business in Mountain View, California. In the course of trade, advertising, promotions and/or commerce, YF utilized fraudulent and deceptive schemes, including pop-up advertisement, e-mails and websites throughout the United States, including Bergen County, New Jersey.

7. Defendant Netblue is a California corporation having its headquarters and principal place of business in Mountain View, California. In the course of trade, advertising, promotions and/or commerce, YF utilized fraudulent and deceptive schemes, including pop-up advertisement, e-mails and websites throughout the United States, including Bergen County, New Jersey.


8. Defendant Kenneth Chan, ("Chan"), the founder and CEO of YF and/or Netblue, knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants pursuant to a common design with them, and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities. Defendant Chan cannot hide behind the corporate liability shield, as the corporate veil should be pierced.

9. Defendant Derek Pilch, ("Pilch"), CFO of YF and/or Netblue, knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants pursuant to a common design with them, and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities. Defendant Pilch cannot hide behind the corporate liability shield, as the corporate veil should be pierced.

10. Defendants ABC CORPORATIONS (1-10) and JOHN DOES (1-10), are additional actors and/or co-conspirators of named defendants, including but not limited to, directors, officers, and employees of YF and/or Netblue, its affiliates, parent or subsidiary corporations or other legal entities, and third party agents of and/or principals of named defendants. With respect to all allegations in this Complaint, one or more ABC Corporation and/or John Doe defendants knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants pursuant to a common design with them, and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities. One or more ABC Corporation and/or John Doe defendants profiteered through false pretense, false representation, and actual fraud, and willfully caused injury to the property interests of Class members.

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a).

12. This Court has subject matter jurisdiction over this action.

13. Venue is proper in within the meaning of 28 U.S.C. 1391(a).

### IV. FACTS

14. Defendants are engaged in various marketing schemes through the Internet. In so doing, defendants utilize "pop-ups", polls, e-mails, websites and/or announcements offering "free" gift cards.

15. On July 12, 2004, and/or before or after that date, the plaintiff received one of the defendants' "pop-up" advertisements which appeared as an "Opinion Poll" showing pictures of President Bush and Senator Kerry. The "pop-up" asked, "Who do you think will be the next President?" Below the text is a box to vote for either Bush or Kerry. At the bottom of the "pop-up"

is the following: "Vote and receive a FREE $50 Gift Card!"



16. Once her vote was cast the "pop-up" took plaintiff to the following screen, which declares

the plaintiff to be an "instant winner" and states that the plaintiff has "won" $50:



17. The page clearly indicates that the plaintiff is "today's INSTANT $50 WINNER!"

18. However, in order to receive her prize the plaintiff was required to "complete a

sponsored offer", and "upon reported completion [of the sponsored offer], you will be asked to

submit your mailing address."

19. Defendants deceived the plaintiff, and other computer users into responding and "visiting" its websites by issuing advertising banners that fraudulently advised users that they were entitled to a "Free" gift card and that they were "instant winners" of a prize, but then required users to respond to "sponsored offers."

20. The defendants are in direct violation of numerous Federal and State statutes and regulations, including, but not limited to, 16 CFR Part 251 and N.J.S.A. 56:8-2.3.

21. As a proximate result of the defendants' intentional conduct, plaintiff has suffered damages.

22. Additionally, defendants must be enjoined from continuing their fraudulent and deceptive advertising/marketing practices.

### V. CLASS ACTION ALLEGATIONS

**Class Definition**

23. Plaintiff brings this case as a class action on behalf of herself and a Class of all others similarly situated. The members of the proposed Class are: All persons who have responded to one of the defendants' "pop-ups", which indicated that they would receive a "free" item, and were subsequently taken to a website that announced they were "instant winners" of a prize, and either did not receive their prize or had to complete an additional act in order to receive their prize. Excluded from the Class are defendants, its affiliates (including parents, subsidiaries, predecessors, successors, and any other entity or its affiliate which has a controlling interest), their current, former, and future employees, officers, directors, partners, members, indemnities, agents, attorneys and employees and its and their assigns and successors.

**Impracticable Joinder.**

24. The members of the Class are so numerous that their joinder is impracticable. Class

members number in the tens of thousands or more. Further, the monetary value of Class members' claims are such that individual Class members, as a practical matter, cannot seek redress on an individual basis. Collective adjudication of claims represents the most efficient, and indeed, only viable means of seeking judicial redress against defendants.

**Risk of Inconsistent or Varying Adjudications.**

25. Prosecution of separate actions by Class members would risk inconsistent or varying adjudications, which would establish incompatible standards of conduct for the defendants.

26. Adjudications by individual members of the Class would, as a practical matter, be potentially dispositive of the interests of other members of the Class and substantially impair or impede their ability to protect their interests. Class-wide adjudication of these claims, therefore, is appropriate.

27. Class Wide Injunctive/Declaratory Relief. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and/or declaratory relief with respect to the Class as a whole, rendering class-wide adjudication of these claims appropriate.

**Common Questions of Law and Fact.**

28. Defendants have engaged in a uniform and common course of business misconduct toward members of the Class, giving rise to core disputed questions of law and questions of fact central to the claims of all Class members, rendering this matter appropriate for collective adjudication of Class member's claims.

29. Class members have a shared and well-defined community of interests in the questions of law and fact that affect each member of the Class. Core disputed questions of law and fact common to all members of the Class predominate over questions solely affecting individual Class members. Illustrative common questions of law and fact include, but are not limited to, each of the

following:

30. Whether and which named and unnamed defendants carried out deceptive business acts described in this Complaint.

. Whether defendants' policy and/or procedure concerning the subject advertising/marketing campaign includes unfair or deceptive acts or practices.

31. Whether the subject advertising/marketing campaign has a capacity to deceive, confuse and/or mislead a substantial portion of the public.

32. Whether defendants' deception of Class members was accompanied by an intent to deceive.

33. Whether this Court should enjoin defendants from these advertising/marketing schemes, policies and/or procedures.

34. Whether defendants' deception of Class members constitutes fraud.

35. Whether and which named and unnamed defendants, including officers and board members of YF and/or Netblue, participated in, approved, directed, or ratified the deceptive business practices alleged in this Complaint.

36. Whether defendants' deceptive practices proximately caused legally cognizable harm.

37. Whether defendants have been unjustly enriched by their misconduct, warranting disgorgement of profits from defendants.

38. Whether defendants violated federal and state statutes and regulations, including 16 CFR Part 251 and the New Jersey Consumer Fraud Act.

**Typicality.**

39. The claims of the named plaintiff arise from the same events and courses of conduct that give rise to the claims of other Class members. Plaintiff is a member of the Class and possesses the

same legal interests and has suffered the same injury as other Class members. Plaintiff's claims are typical of the claims of the Class generally.

**Fair and Adequate Representation.**

40. Plaintiff will fairly and adequately represent and protect the interests of the Class.

**Superiority of Class Action Procedure.**

41. Absent class-wide adjudication, members of the Class are without effective recourse. Because of the relatively small monetary value of each individual Class member's claim, few, if any, Class members could afford to prosecute an individual action against any defendant. Absent class treatment, defendants' wrongdoing will go unabated, the ranks of Class members will continue to swell, and no Class member will be afforded opportunity to seek judicial relief, whether for themselves, or for the public good generally.

42. Certification of this matter, further, is appropriate under Rule 23, based on allegations advanced above.

## VI. CLAIMS

43. Pursuant to principles of notice pleading, plaintiff hereby alleges each and every cause of action and remedy at law or in equity supported by the facts alleged in this Complaint. For purposes of illustration only, those causes of action and remedies at law or in equity include the following:

## COUNT ONE
### VIOLATIONS OF N.J.S.A. 56:8- ET SEQ. (CONSUMER FRAUD ACT)

44. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 - 43.

45. The New Jersey Consumer Fraud Act (hereinafter "Act") states, in relevant part:

**56:8-2.3. Notification to person that he has won prize and requiring him to perform act.**

The notification to any person by any means, as a part of an advertising plan or scheme, that he has won a prize and requiring him to do any act, purchase any other item or submit to a sales promotion effort is an unlawful practice and a violation of the act to which this act is a supplement.

46. Defendants violated the Act by notifying plaintiff that she was an "instant $50 winner", and then requiring her to respond to a "sponsored offer."

47. Without responding to a "sponsored offer" plaintiff could not collect the prize she had won.

48. Thus, defendants have violated the Act and have caused the plaintiff to sustain damages, including treble damages and attorney fees.

<u>**COUNT TWO**</u>
<u>**VIOLATIONS OF N.J.S.A. 56:8- ET SEQ. (CONSUMER FRAUD ACT)**</u>

49. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 - 48.

50. The New Jersey Consumer Fraud Act (hereinafter "Act") states, in relevant part:

**56:8-2. Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice.**

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the

advertiser.

51. Defendants violated the Act by initially concealing the fact that plaintiff was required

to respond to a "sponsored offer" in order to obtain her "free" gift card.

52. Without responding to a "sponsored offer" plaintiff could not collect the prize she had won.

53. Thus, defendants have violated the Act and have caused the plaintiff to sustain damages,

including treble damages and attorney fees.

## COUNT THREE
## VIOLATIONS OF 16 CFR ET SEQ. (FTC GUIDE TO USE OF THE WORD "FREE")

54. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 - 53.

55. 16 CFR Part 251 states, in relevant part:

> **§251.156:8-2.  The Guide - (c) Disclosure of
> conditions.**
>
> When making "Free" or similar offers all the terms, conditions and
> obligations upon which receipt and retention of the "Free" item are
> contingent should be set forth clearly and conspicuously at the outset
> of the offer so as to leave no reasonable probability that the terms of
> the offer might be misunderstood. Stated differently, all of the terms,
> conditions and obligations should appear in close conjunction with
> the offer of "Free" merchandise or service. For example, disclosure
> of the terms of the offer set forth in a footnote of an advertisement to
> which reference is made by an asterisk or other symbol placed next
> to the offer, is not regarded as making disclosure at the outset.
> However, mere notice of the existence of a "Free" offer on the main
> display panel of a label or package is not precluded provided that (1)
> the notice does not constitute an offer or identify the item being
> offered "Free", (2) the notice informs the customer of the location,
> elsewhere on the package or label, where the disclosures required by
> this section may be found, (3) no purchase or other such material
> affirmative act is required in order to discover the terms and
> conditions of the offer, and (4) the notice and the offer are not
> otherwise deceptive.

56. Defendants violated the Act by initially concealing the fact that plaintiff was required

to respond to a "sponsored offer" in order to obtain her "free" gift card, and requiring the plaintiff to make a purchase or other material affirmative act.

57. The merchandise advertised to plaintiff as being "free" was not "free" as defined by 16 CFR Part 251.1(b), and other applicable sections.

58. Thus, defendants have violated 16 CFR et. seq., and have caused the plaintiff to sustain damages.

## COUNT FOUR
## DECEPTIVE BUSINESS PRACTICES

59. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 - 58.

60. Defendants knowingly and with intent to induce consumers' reliance made false, unfair, deceptive, and misleading representations of fact in the form of advertising banners, pop-ups, e-mails, etc.

61. Defendants' deceptive business practice had a capacity to mislead and did, in fact, mislead plaintiff.

62. Defendants' unfair and deceptive acts and practice, made in trade and commerce, proximately caused injury to plaintiff.

## COUNT FIVE
## FRAUD/INTENTIONAL MISREPRESENTATION

63. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 - 62.

64. Defendants knowingly and intentionally made false statements of existing material facts.

65. Defendants intended for plaintiff to rely on their material misrepresentations of fact.

66. Plaintiff reasonably and justifiably relied on defendants' material misrepresentations, unaware of the falsity of defendants' representations, and had a right to rely on those representations.

67. Plaintiff suffered damages as a result of relying on defendants' material misrepresentations of fact.

## COUNT SIX
## NEGLIGENCE

68. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 - 67 Defendants owed a duty to Class members to fully disclose the terms of their offer.

69. Defendants breached that duty by failing to fully disclose the terms of the offer to the Class members.

70. Defendants breach of its duty proximately caused damage to the Class members.

71. Defendants breach of its duty actually caused damage to the Class members.

**WHEREFORE**, plaintiff requests that this Court grant the following relief:

1.    That this Court award punitive damages against defendants, jointly and severally, in favor of the plaintiff, in order to punish defendants for their conduct and deter like conduct by others;

2.    That this Court enter a final order enjoining defendants from issuing, using, selling and/or developing, directly or indirectly, Internet advertising banners, e-mails, "pop-ups", etc., claiming that the user has "won" a prize or is an "instant winner" or advertise an item as "free" when it is not. Plaintiff has no complete, speedy, and adequate remedy at law with respect to the continuing fraud and misrepresentation perpetrated by defendants' continuing deceptive marketing and advertising practices. Plaintiff, and the general public, will suffer continuing, immediate, and irreparable injury absent injunctive and equitable relief by this Court.

3.    That this Court award compensatory damages, jointly and severally, in favor of the

plaintiff;

4.    That this Court award such other compensatory damages as is supported by the evidence adduced at trial;

5.    That this Court award plaintiff's attorneys' fees and costs of suit as provided by applicable law, including the Consumer Fraud Act; and

6.    That this Court grant such other relief as may be deemed just and equitable, including disgorgement of profits or financial gain resulting from defendants' wrongful conduct.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: January 11, 2005

**GAINEY & McKENNA**
Attorney's for Plaintiff

PETER J. LAMONT (PJL-1661)
666 Godwin Avenue - Suite 230
Midland Park, New Jersey 07432
(201) 689-9000
File No.: 170.102